**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000648
29-NOV-2011
09:11 AM**

NO. CAAP-11-0000648


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NANCY I. ETZRODT,
Plaintiff/Counterclaim-Defendant/Appellant/Cross-Appellee,
v.
PACBLU,
Defendant/Counterclaim-Plaintiff/Appellee/Cross-Appellant,
and
DOE Individuals 1-10 DOE Entities 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2513-10)


ORDER DISMISSING APPEAL AND
CROSS-APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of (1) Plaintiff/Counterclaim-Defendant/

Appellant/Cross-Appellee Nancy I. Etzrodt's (Appellant Etzrodt)

September 2011 jurisdiction statement, (2) Defendant/

Counterclaim-Plaintiff/Appellee/Cross-Appellant PACBLU's (Cross-

Appellant PACBLU) November 7, 2011 statement contesting

jurisdiction, and (3) the record, it appears that we lack jurisdiction over the appeal and cross-appeal in appellate court case number CAAP-11-0000648 from the Honorable Edwin C. Nacino's August 5, 2011 judgment, because the August 5, 2011 judgment does not satisfy the requirements for an appealable final judgment under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is

> dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).

When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to case upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). A judgment that does not specifically identify the claim or claims on which a circuit court intends to enter judgment requires an appellate court to search the often voluminous record on appeal in order to determine the specific claim or claims on which judgment is entered. As the Supreme Court of Hawai'i has explained, "we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58." Id. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (emphasis added).

Although the various parties have asserted multiple causes of action through Appellant Etzrodt's October 27, 2009 complaint (asserting three separate causes of action) and Cross-Appellant PACBLU's December 9, 2009 amended answer and counterclaim (asserting three separate causes of action), the August 5, 2011 judgment does not specifically identify the claim or claims on which the circuit court intends to enter judgment in each instance, nor does the August 5, 2011 judgment expressly dismiss any specifically identified claim or claims. Therefore, the August 5, 2011 judgment is too vague to satisfy requirements for an appealable judgment in a multiple-claim case under HRCP Rule 58 and the holding in Jenkins.

Absent the entry of an appealable final judgment, the appeal and cross-appeal are premature, and we lack appellate jurisdiction over the appellate court case number CAAP-11-0000648. Accordingly,

IT IS HEREBY ORDERED that the appeal and cross-appeal in Appeal No. CAAP-11-0000648 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 29, 2011.


Chief Judge


Associate Judge


Associate Judge